IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | | |
|---|---|---|
| Julie Buth, | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action |
| | ) | |
| v. | ) | Case No. 12-CV-1223-JWL-DJW |
| | ) | |
| AAA Allied Group, Inc., | ) | |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM AND ORDER

Pending before the Court is Plaintiff's Motion to Quash and/or Motion for Protective Order (ECF No. 17). Plaintiff requests an order to quash and for a protective order precluding Defendant from taking the deposition of representatives of her counsel's law firm concerning the date Plaintiff received her EEOC right-to-sue notice. For the reasons set forth below, Plaintiff's Motion to Quash and/or Motion for Protective Order is granted.

## I.    Background Facts

In this present action, Plaintiff alleges claims of pregnancy discrimination against Defendant under Title VII and the Pregnancy Discrimination Act. On January 4, 2013, Defendant served a Notice to Take the Deposition Duces Tecum of McDonald, Tinker, Skaer, Quinn & Herrington, P.A. Pursuant to Rule 30(b)(6) (ECF No. 12).[1] McDonald Tinker is the law firm that serves as counsel for Plaintiff and is itself not a party in this action. The deposition notice sought the testimony of the corporate representative(s) of the law firm concerning the processing of mail at the law firm, its receipt of Plaintiff's EEOC right-to-sue notice, and its

---

[1]Although D. Kan. Rule 37.1(a) requires a copy of the deposition notice accompany a Fed. R. Civ. P. 26(c) motion directed at a deposition, Plaintiff's reference in her motion to the Notice to Take Deposition Duces Tecum (ECF No. 12) already on file in the case is sufficient to meet the purposes of the local rule.

efforts to ascertain this information. The notice set the deposition for January 11, 2013 at the law offices of McDonald Tinker. Upon being served with the deposition notice, Plaintiff produced to Defendant a copy of the date stamped copy of the right-to-sue notice. The notice was hand dated "3-21-12" as the EEOC mail date and was stamped "Received Mar 26, 2012." After attempting to confer with Defendant regarding the matter, Plaintiff filed her Motion to Quash and/or Motion for Protective order to preclude the noticed deposition.

## II. Applicable Law

The party from whom discovery is sought may seek to prevent or limit a deposition under Fed. R. Civ. P. 26(c), which allows a party to seek a protective order under certain circumstances.[2] Under Fed. R. Civ. P. 26(c), "[t]he court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense, including . . . forbidding inquiry into certain matters, or limiting the scope of disclosure or discovery to certain matters."[3] The party seeking the protective order has the burden to show good cause for entry of the protective order.[4]

The deposition of an attorney for a party is not prohibited by the Federal Rules of Civil Procedure.[5] Courts have, however, recognized the potential for abuse in deposing an opponent's attorney by inviting "delay, disruption of the case, harassment, and unnecessary distractions into collateral matters."[6] As a result, courts in this district generally follow the criteria set forth in

---

[2]*See* Fed. R. Civ. P. 26(c); Fed. R. Civ. P. 30(d)(3)(B).

[3]Fed. R. Civ. P. 26(c)(1).

[4]*See Bryan v. Eichenwald*, 191 F.R.D. 650, 651-52 (D. Kan. 2000).

[5]*See* Fed. R. Civ. P. 30(a)(1) ("A party may, by oral questions, depose *any person....")* (emphasis added).

[6]*Hay & Forage Indus. v. Ford New Holland, Inc.*, 132 F.R.D. 687, 689 (D. Kan. 1990). *See also Mike v. Dymon, Inc.*, 169 F.R.D. 376, 278 (D. Kan. 1996).

*Shelton v. American Motors Corp.*[7] In the *Shelton* case, the Eighth Circuit Court of Appeals indicated its view that the increasing practice of taking the deposition of opposing counsel was a negative development, and one that should be employed only in *limited* circumstances.[8] Although counsel is not absolutely immune from being deposed, the *Shelton* court set forth certain limited circumstances where the court should permit the deposition of opposing trial counsel. Specifically, those circumstances should be limited to those in which the party seeking the deposition has shown that: "(1) no other means exist to obtain the information except to depose opposing counsel; (2) the information sought is relevant and non-privileged; and (3) the information is crucial to the preparation of the case."[9]

Although Defendant's notice is not seeking to take the deposition of Plaintiff's attorney and is only seeking to take the deposition of "representatives" of the law firm representing Plaintiff, the Court concludes that the *Shelton* criteria would still be applicable as depositions involving the law firm's employees also has the potential for abuse and would invite "delay, disruption of the case, harassment, and unnecessary distractions into collateral matters."[10] The Court will therefore consider the *Shelton* criteria in reviewing whether the circumstances here warrant the deposition of a representative of the law firm representing Plaintiff.

## III. Whether Defendant Has Met Its Burden to Justify the Deposition of a Law Firm Representative

Given the restrictions on deposing opposing counsel, Defendant has the burden to justify deposing Plaintiff's counsel or a corporate representative of counsel's law firm. Defendant

---

[7]805 F.2d 1323, 1327 (8th Cir. 1986).

[8]*Shelton v. Am. Motors Corp.*, 805 F.2d 1323, 1327 (8th Cir. 1986) (emphasis added).

[9]*Id.*; *Ed Tobergte Assocs. Co. v. Russell Brands, LLC*, 259 F.R.D. 550, 554 (D. Kan. 2009).

[10]*Hay & Forage Indus.*, 132 F.R.D. at 689.

argues it is entitled to depose counsel because it satisfies the *Shelton* criteria. It argues that it is entitled to take the deposition of a corporate representative of Plaintiff's law firm because there are no documents that it can request and no other means exist to obtain information about the date the EEOC right-to-sue notice was received. Prior to serving the deposition notice, Defendant claims that it sought the information through interrogatories asking Plaintiff to "[i]dentify the date on which the law firm of McDonald, Tinker, Skaer, Quinn & Herrington, P.A. received the Notice of Right to Sue referenced in . . . Plaintiff's Complaint."[11] Plaintiff's answer to that interrogatory was "I do not know."[12] Based upon the definitions outlined in the interrogatories, Defendant considered Plaintiff's interrogatory response to be representative of her counsel's knowledge as well.[13] Defendant asserts that Plaintiff's "I do not know" interrogatory response raised suspicions that her counsel received the right-to-sue notice on March 22, 2012, which would make the lawsuit untimely filed. Defendant also argues that the affidavit of Plaintiff's counsel's legal secretary failed to provide information regarding when the right-to-sue notice was received by the law firm, as well as the firm's mail processing and handling procedures. Based on the "suspicious circumstances" and Plaintiff's own admissions and statements, Defendant argues no other means exist to obtain information about the receipt date of the right-to-sue notice except through deposing a representative of the law firm.

Addressing the second and third criteria of *Shelton*, Defendant argues the information sought is relevant, non-privileged, and crucial to Defendant's potential statute of limitations

---

[11]Def.'s Opp'n to Pl.'s Mot. to Quash and/or Mot. for Protective Order (ECF No. 20) at 5.

[12]Def.'s Opp'n to Pl.'s Mot. to Quash and/or Mot. for Protective Order (ECF No. 20, Ex. C) at 2.

[13]Def.'s Opp'n to Pl.'s Mot. to Quash and/or Mot. for Protective Order (ECF No. 20, Ex. A) at 1 (defining the term "you" and "yours" when used in the interrogatories to include "Plaintiff, counsel for Plaintiff, and all agents, servants, employees, representatives, private investigators and others who are in the possession of or may have obtained information for or on behalf of such party").

defense. The date to which McDonald Tinker received the right-to-use notice is relevant as Plaintiff must file her lawsuit within 90 days of receiving the notice from the EEOC. Defendant contends that Plaintiff filed suit 92 days after the EEOC mailed the notice, two days after the 90 day time limit imposed by the notice.[14] Defendant argues it should be given the opportunity to obtain relevant information regarding when the notice was received and to test the "veracity of statements set forth" in the affidavit provided by Plaintiff's counsel's legal secretary.[15] Defendant contends the date McDonald Tinker received the Notice and the circumstances regarding the receipt are facts and not subject to attorney-client privilege. Such information is crucial to Defendant's preparation for the case because if it can establish that the filing was beyond the statute of limitations, Defendant can file a dispositive motion disposing of the case prior to undergoing discovery.

In support of its motion to quash, Plaintiff argues that Defendant cannot gain any relevant information by deposing Plaintiff's counsel or a corporate representative of the law firm because there is no dispute regarding whether the suit was filed within 90 days receipt of the EEOC notice. Plaintiff argues the specific information sought by Defendant regarding the date the EEOC notice has already been provided to Defendant, thus eliminating the need for a deposition on that specific issue. Additionally, the affidavit provided by counsel's secretary, Laura A. Rowson, indicated that she stamps the mail on the date it is received.[16] The affidavit stated it was Ms. Rowson's practice to stamp all incoming mail addressed to Plaintiff's counsel with the

---

[14]Def.'s Opp'n to Pl.'s Mot. to Quash and/or Mot. for Protective Order (ECF No. 20) at 1.

[15]*Id.* at 9.

[16]Reply to Def.'s Opp'n to Pl.'s Mot. to Quash and/or Mot. for Protective Order (ECF No. 22) at 3.

date the mail was received. Therefore, Plaintiff argues Defendant has failed to meet its burden warranting the deposition of opposing counsel.

In light of the arguments and information provided by both parties, the Court finds that Defendant has failed to carry its burden of persuasion under the *Shelton* criteria to warrant the deposition of opposing counsel or a corporate representative from counsel's law firm. Defendant's main reason for deposing Plaintiff's counsel's law firm is to uncover information regarding the date the law firm received the right-to-sue notice and the circumstances surrounding the receipt in order to pursue a potential statute of limitations defense. Such information would be relevant and critical to Defendant's potential defense. However, based on the information provided, the Court finds the issue of the timeliness of the lawsuit's filing to be moot based on the on the Notice of the Right to Sue document produced to Defendant.

Under Title VII, a complainant must file suit within 90 days of receipt of an EEOC right-to-sue letter.[17] "Compliance with the filing requirements of Title VII is not a jurisdictional prerequisite, rather it is a condition precedent to suit that functions like a statute of limitations and is subject to waiver, estoppel, and equitable tolling."[18] Under 29 C.F.R. § 1614.604(b), a complaint will be considered timely filed if, "in the absence of a legible postmark, it is received by mail within five days of the expiration of the applicable filing period." Courts have routinely applied the presumption of receipt in analogous situations of mailing EEOC right-to-sue letters to potential claimaints.[19] The Tenth Circuit has held that the relevant date for determining

---

[17]42 U.S.C. § 2000e-5(f)(1).

[18]*Million v. Frank*, 47 F.3d 385, 389 (10th Cir. 1995).

[19]*Lozano v. Ashcroft*, 258 F.3d 1160, 1164 (10th Cir. 2001).

whether a case is timely filed is the date of receipt of the EEOC notice.[20]  When a receipt date for an EEOC right-to-sue letter is unknown or disputed, the Tenth Circuit has recognized a five-day mailing presumption.[21]

Here, Plaintiff has provided Defendant with a copy of her right-to-sue notice that shows it was mailed by the EEOC on March 21, 2012 and received by Plaintiff's law firm on March 26, 2012, as indicated by the received stamp date. Plaintiff has also provided an affidavit from the legal secretary of Plaintiff's counsel, Laura A. Rowson, who date stamped the notice. Ms. Rowson states in her affidavit that she opens and stamps all incoming mail with a date stamp indicating the date the mail was received.  She specifically remembered calculating the 90 day time period to file the lawsuit as 90 days from March 26, when the notice of right to sue was received.  Moreover, the receipt date is within five days of the mail date, which is the common law presumption under Tenth Circuit law. Although the five-day mailing presumption is rebuttable, Defendant has not met its burden to rebut that presumption.  Defendant provides no evidence rebutting the presumption aside from its speculation that mail "typically takes only one day for a mailing to reach Wichita from Kansas City."  Such speculation is not enough to rebut the five day presumption necessary to warrant the deposition Plaintiff's counsel or his law firm. Finally, the Court notes that there was an intervening weekend between the Wednesday, March 21, 2012 mail date and the Monday, March 26, 2012 claimed receipt date, which could provide a reasonable explanation for the March 26 receipt date.

In this case, the Court finds that the receipt date information sought has already been provided by Plaintiff.  To the extent Defendant is seeking additional information to show that the

---

[20]*Jackson v. Cont'l Cargo-Denver*, 183 F.3d 1186, 1189 (10th Cir. 1999).

[21]*Lozano*, 258 F.3d at 1165 (noting five-day common law presumption of receipt).

receipt date is earlier than March 26, Defendant has not shown that no other means exist to obtain this information except to depose a representative of Plaintiff's law firm.  Defendant has not convinced the Court that this information could not be obtained through additional interrogatories served on Plaintiff.  Defendant has also failed to show the information sought on the law firm's mail procedures is crucial to Defendant's potential statute of limitations defense. Because Plaintiff filed this action on June 21, 2012, Defendant would have to prove that EEOC right-to-sue notice was actually received on March 22 or earlier for this action to be untimely. Defendant has thus failed to satisfy its burden under the *Shelton* factors to justify the deposition of a corporate representative of opposing counsel's law firm.

**IT IS THEREFORE ORDERED THAT** Plaintiff's Motion to Quash Notice to Take Deposition of a Corporate Representative for Counsel of Plaintiff and/or Motion for Protective Order (ECF No. 17) is granted.

IT IS SO ORDERED.

Dated this 27th day of March 2013, at Kansas City, Kansas.

s/ David J. Waxse

David J. Waxse
U.S. Magistrate Judge